IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TRUSTEES OF IRON WORKERS<br>LOCAL UNION NO. 28 PENSION FUND<br>P.O. Box 13487<br>Roanoke, VA 24034, | :<br>:<br>:<br>:<br>: |
| TRUSTEES OF IRON WORKERS<br>LOCAL UNION NO. 28 HEALTH AND<br>WELFARE FUND<br>P.O. Box 13487<br>Roanoke, VA 24034, | :<br>:<br>:<br>:<br>:<br>: |
| TRUSTEES OF THE MID-ATLANTIC STATES<br>DISTRICT COUNCIL PARTICIPATING<br>LOCALS' ANNUITY FUND<br>P.O. Box 13487<br>Roanoke, VA 24034, | :<br>:<br>:<br>:<br>:<br>: |
| TRUSTEES OF THE IRON WORKERS<br>LOCAL UNION NO. 28<br>APPRENTICESHIP FUND<br>2832 Oak Lake Boulevard<br>Midlothian, VA 23112, | :<br>:  **COMPLAINT**<br>:<br>:  **CASE NO.**  \_\_3:22cv125\_\_<br>:<br>: |
| TRUSTEES OF THE IRON WORKERS<br>MANAGEMENT PROGRESSIVE<br>ACTION COOPERATIVE TRUST FUND<br>1750 New York Avenue NW<br>Washington, D.C. 20006, | :<br>:<br>:<br>:<br>:<br>: |
| IRON WORKERS<br>LOCAL UNION NO. 28 INDUSTRY<br>ADVANCEMENT FUND<br>P.O. Box 73148<br>Richmond, VA 23234, | :<br>:<br>:<br>:<br>:<br>: |
| INTERNATIONAL<br>IRON WORKERS ORGANIZING<br>FUND<br>2832 Oak Lake Boulevard<br>Midlothian, VA 23112 | :<br>:<br>:<br>:<br>:<br>:<br>: |

|  |  |
|---|---|
| and | : |
|  | : |
| IRON WORKERS LOCAL UNION | : |
| NO. 28 | : |
| 2832 Oak Lake Boulevard | : |
| Midlothian, VA 23112 | : |
|  | : |
|  | : |
| Plaintiffs, | : |
|  | : |
| v. | : |
|  | : |
| VEI SOLUTIONS, INC. | : |
| 1800 Howard Street, Suite A | : |
| Elk Grove Village, IL 60007 | : |
|  | : |
| Defendant. | : |
|  | : |
| Serve: Tranquilino R. Ventura | : |
| Registered Agent | : |
| 1800 Howard Street, Suite A | : |
| Elk Grove Village, IL 60007 | : |
|  | : |

# C O M P L A I N T

### (TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS, LABOR ORGANIZATION, AND OTHER TRUST FUNDS)

### PARTIES

1. The Iron Workers Local Union No. 28 Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at P.O. Box 13487, Roanoke, VA 24034. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2

2. The Iron Workers Local Union No. 28 Health and Welfare Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Health and Welfare Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health and Welfare Fund is administered at P.O. Box 13487, Roanoke, VA 24034. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. The Mid-Atlantic States District Council Participating Locals' Annuity Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Annuity Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity Fund is administered at P.O. Box 13487, Roanoke, VA 24034. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. The Iron Workers Local Union No. 28 Apprenticeship Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The Apprenticeship Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Apprenticeship Fund is administered at 2832 Oak Lake Boulevard, Midlothian, VA 23112. The Trustees are the designated fiduciaries as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. The Iron Workers Management Progressive Action Trust Fund ("IMPACT Fund") is a trust fund established and maintained according to the provisions of its Trust Document. The IMPACT Fund is administered by its Trustees at 1750 New York Avenue NW, Washington, DC 20006.

6. The Industry Advancement Fund is a trust fund established and maintained according to the provisions of its Trust Document. The Industry Advancement Fund is administered by its Trustees at P.O. Box 73148, Richmond, VA 23234.

7. The International Iron Workers Organizing Fund is a fund established and maintained according to the provisions of its governing documents. The Organizing Fund is administered at 2832 Oak Lake Boulevard, Midlothian, VA 23112.

8. The Iron Workers Local Union No. 28 is an unincorporated labor organization, as that term is defined in Section 2(5) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 152(5). Iron Workers Local Union No. 28 maintains an office at 2832 Oak Lake Boulevard, Midlothian, VA 23112.

9. VEI Solutions, Inc. ("VEI Solutions") is an Illinois business existing under Illinois laws with an office located at. 1800 Howard Street, Suite A, Elk Grove Village, Illinois 60007.

10. VEI Solutions transacts or has transacted business in the Virginia area as a contractor or subcontractor in, among others, the ironworking industry, and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

11. At all relevant times, VEI Solutions was and is bound to the Agreements between the Virginia Association of Contractors, Inc., and Iron Workers Local Union No. 28. ("Collective Bargaining Agreements").

4

## JURISDICTION

12. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and supplemental jurisdiction for any state law claims under 28 U.S.C. § 1367(a). This is an action to collect amounts due to employee benefit plans, labor unions, and other trust funds under the terms of the Collective Bargaining Agreements.

13. Venue is proper in this district pursuant to Section 502(e) of ERISA, 29 U.S.C. § 1132(e), as the district in which Plaintiffs are located and administered and the district in which the Defendant regularly conducts business.

14. This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## COUNT I

### (AMOUNTS OWED TO BENEFIT FUND PLAINTIFFS)

15. The Pension Fund, Health and Welfare Fund, Annuity Fund, and Apprenticeship Fund (collectively, the "Benefit Fund Plaintiffs") hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth in Count I.

16. Pursuant to its Collective Bargaining Agreements, Defendant agreed to pay to the Benefit Fund Plaintiffs certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

17. Defendant employed certain employees covered by the Collective Bargaining Agreements but failed to pay the amount when due to the Benefit Fund Plaintiffs for work performed in the months of October 2021 through and including December 2021 as required by the Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust.

18. The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

19. The Collective Bargaining Agreements and the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees and court costs.

20. The Benefit Fund Plaintiffs will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs that become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT II

### (WORKING DUES/OTHER PAYMENTS)

21. Plaintiff Iron Workers Local Union No. 28, IMPACT Fund, Industry Advancement Fund, and Organizing Fund hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in Count II.

22. Defendant employed certain employees covered by the Collective Bargaining Agreements who authorized working assessment/dues deduction. The Defendant failed to forward working dues on behalf of such employees to the Iron Workers Local Union No. 28 for the months of October 2021 through and including December 2021, as required by the Collective Bargaining Agreements.

23. Pursuant to its Collective Bargaining Agreements, Defendant agreed to pay to the IMPACT Fund, Industry Advancement Fund, and Organizing Fund certain sums of money for each hour worked by Defendant's employees covered by the Collective Bargaining Agreements.

24. Defendant employed certain employees covered by the Collective Bargaining Agreements but failed to pay the amounts when due to the IMPACT Fund, Industry Advancement Fund, and Organizing Fund for the months of October 2021 through and including December 2021, as required by the Collective Bargaining Agreements.

25. Plaintiff Iron Workers Local Union No. 28, IMPACT Fund, Industry Advancement Fund, and Organizing Fund will also seek a judgment in this action against the Defendant for all amounts that become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE**, the Plaintiffs pray judgment in Counts I and II as follows:

A. That the Court finds Defendant VEI Solutions, Inc. liable in the amount of contributions, interest, liquidated damages, reasonable attorneys' fees, costs, and other amounts owed under the Collective Bargaining Agreements and trust agreements to the Plaintiffs as of the date of judgment.

B. For such contributions, interest, liquidated damages, reasonable attorneys' fees, costs, and other amounts that may accrue and/or are found to be due and owing to the Plaintiffs after December 2021, subsequent to the filing of this Complaint, during the pendency of this action, and up through the date of judgment.

C. For such further relief as the Court may deem appropriate.

Dated: <u>March 4, 2022</u>                    By:  \_/s/_____
                                                   Jacob Szewczyk, Bar No. 89617
                                                   Counsel for Plaintiffs
                                                   O'Donoghue & O'Donoghue LLP
                                                   5301 Wisconsin Ave., NW, Suite 800
                                                   Washington, DC 20015
                                                   Telephone No.: (202) 362-0041
                                                   Facsimile No.: (202) 362-2640
                                                   jszewczyk@odonoguhuelaw.com