**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| TRUSTEES OF IRON WORKERS LOCAL UNION NO. 28 PENSION FUND et al., | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | Civil Action No. 3:22-cv-00125-DJN <br> : <br> : |
| VEI SOLUTIONS, INC., | : <br> : |
| Defendant. | : <br> : |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT**

Respectfully submitted,

Dated: January 13, 2023

By:  /s/_____
Jacob N. Szewczyk, Bar No. 89617
Counsel for Plaintiffs
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
jszewczyk@odonoguhuelaw.com

Table of Contents

I.      BACKGROUND FACTS AND THE DEFENDANT'S LIABILITY ............................... 2

II.     THE COLLECTIVE BARGAINING AGREEMENT ......................................................... 3

III.    PLAINTIFFS ARE ENTITLED TO DEFAULT JUDGMENT ......................................... 4

        A.  Count One of the Complaint – Unpaid Amounts Owed to
            Benefit Fund Plaintiffs ....................................................................................... 4

        1.  Contributions Owed to the Benefit Fund Plaintiffs Pursuant to the Projection
            Provisions ........................................................................................................... 5

        2.  Liquidated Damages Owed to the Benefit Fund Plaintiffs ............................... 7

        3.  Interest Owed to the benefit Fund Plaintiffs ................................................... 8

        B.  Count Two for Working Assessments/Dues/Other Payments ......................... 8

        C.  Attorneys' Fees and Costs ................................................................................ 9

IV.     CONCLUSION .................................................................................................................. 10

TABLE OF AUTHORITIES

**Cases**

*Benson v. Brower's Moving & Storage, Inc.,* 907 F.2d 310 (2nd Cir. 1990).................................. 5

*Board of Trs. of the Sheet Metal Workers' Nat'l Pension Fund v. D'Elia*, 17 F. Supp. 2d 511 (E.D. Va. 1998)........................................................................... 3, 5

*Connors v. Hallmark & Son Coal Co*., 935 F.2d 336 (D.C. Cir. 1991)......................................... 5

*Connors v. Trs. of the United Mine Workers*, 935 F.2d 336 (D.C. Cir. 1991) ............................... 4

*International Painters & Allied Trades Indus. Pension Fund v. Madison Coating Co., Inc.,* Case No. SAG-17-1559, 2019 WL 5625759 (D. Md. Oct. 31, 2019) ................................................................... 9

*Laborers Health & Welfare Trust Fund v. Adv. Lightweight Concrete Co*., 484 U.S. 539 (1988) ...................................................................... 5

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778 (4th Cir. 2001) .................................................2

*Robbins v. Lynch,* 836 F.2d 330 (7th Cir. 1977)............................................................................. 5

*United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr*., 501 F.3d 283 (3d Cir. 2007)......................................................................... 9

**Statutes**

29 U.S.C. § 1002............................................................................................................................. 3

29 U.S.C. § 1132...................................................................................................................... passim

29 U.S.C. §§ 1145...................................................................................................................... 4, 7

29 U.S.C. §1001a............................................................................................................................. 3

**Rules**

Fed. R. Civ. P. 12............................................................................................................................ 1

Fed. R. Civ. P. 41............................................................................................................................ 8

Fed. R. Civ. P. 55 .................................................................................................................. 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

TRUSTEES OF IRON WORKERS :
LOCAL UNION NO. 28 PENSION FUND et al., :
                                        :
          Plaintiffs,                   :
                                        :     Civil Action No. 3:22-cv-00125-DJN
     v.                                 :
                                        :
VEI SOLUTIONS, INC.,                    :
                                        :
          Defendant.                    :
                                        :

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR DEFAULT JUDGMENT**

On March 4, 2022, Plaintiffs filed this action against Defendant VEI Solutions, Inc. ("VEI Solutions" or "Defendant") to recover contributions, interest, liquidated damages, attorneys' fees, and costs due and unpaid from the Defendant to Plaintiffs. (Dkt. No. 1, Complaint (hereinafter, "Compl.") ¶¶ 18-20, 23-25.) The Complaint alleged that Defendant VEI Solutions failed to pay contributions, working dues, and other amounts owed for the period of October 2021 through and including December 2021. (*Id.* ¶¶ 17, 22-24.) The Complaint also sought contributions, interest, liquidated damages, attorneys' fees, costs, and all other amounts that came due after the filing of the Complaint. (*Id.* ¶¶ 20, 25.) Plaintiffs served the Complaint and Summons August 19, 2022 on Defendant VEI Solutions, by and through the Illinois Secretary of State in accordance with Illinois law. (Dkt. No. 9.) After Plaintiffs filed a Motion for Clerk's Entry of Default, the Clerk of Court entered default on November 23, 2022. (Dkt. No. 12.) Notwithstanding the fact that it is aware of this lawsuit, the Defendant failed to plead or otherwise make an appearance in this case as required by Fed. R. Civ. P. 12(a)(1).

Plaintiffs now file this Motion for Default Judgment for want of appearance pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. The Defendant's liability and the specific amount of damages have been determined based on the allegations in the Complaint and the attached Declarations and exhibits. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 781 (4th Cir. 2001) (defendants, by their default, admit the plaintiff's well-plead allegations of fact).

## I.    BACKGROUND FACTS AND THE DEFENDANT'S LIABILITY

Plaintiffs Iron Workers Local Union No. 28 Pension Fund, Iron Workers Local Union No. 28 Health and Welfare Fund, Mid-Atlantic States District Council Participating Locals' Annuity Fund, and Iron Workers Local Union No. 28 Apprenticeship Fund (collectively referred to as "Benefit Fund Plaintiffs") are benefit plans generally organized under the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (Compl. ¶¶ 1-4.) The Benefit Fund Plaintiffs are governed by, among other things, the terms of their respective Restated Agreements and Declarations of Trust. (*Id.*)

The Iron Workers Management Progressive Action Cooperative Trust Fund ("IMPACT Fund"), Iron Workers Local Union No. 28 Industry Advancement Fund, and Iron Workers Organizing Fund (collectively referred to as "Trust Fund Plaintiffs") are trust funds provided for under the terms of collective bargaining agreements with Plaintiff Iron Workers Local Union No. 28 ("Local 28"). (*Id.* ¶¶ 5-8, 22-23.) The Trust Fund Plaintiffs are established and maintained according to the provisions of their respective Trust Documents. (*Id.* ¶¶ 5-7.)

The Benefit Fund Plaintiffs and Trust Fund Plaintiffs are financed by payments, called "contributions," made by employers under the terms of collective bargaining agreements with Plaintiff Local 28. (App. 003 (Declaration of Kevin Poole (hereinafter, "Poole Decl.") ¶ 8).)

2

Plaintiff Local 28 is an unincorporated labor organization, as that term is defined in Section 2(5) of the Labor-Management Relations Act, 29 U.S.C. § 152(5). (Compl. ¶ 8.)

Defendant VEI Solutions is an Illinois business which transacts or has transacted business in the Virginia area as a contractor or subcontractor in, among others, the ironworking industry and at all times relevant herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11) and (12) of ERISA, 29 U.S.C. § 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001a.  (Compl. ¶¶ 9-10.)

## II.    THE COLLECTIVE BARGAINING AGREEMENT

At all relevant times, VEI Solutions was signatory and bound to the collective bargaining agreements between the Virginia Association of Contractors, Inc. and Iron Workers Local Union No. 28. (collectively, "Collective Bargaining Agreements"). (Compl. ¶11); (App. 003 (Poole Decl. ¶¶ 10-11).)  Defendant VEI Solutions has not supplied the required notice to terminate its status as signatory to the Collective Bargaining Agreements.  (App. 003 (Poole Decl. ¶ 10).)  The Collective Bargaining Agreements require, among other things, that contributions and other payments be made to the Benefit Fund Plaintiffs for each hour of work performed by VEI Solution's employees covered under the same.  (Compl. ¶¶ 16, 23); (App. 004 (Poole Decl. ¶ 13).)  The number of hours worked by each employee under the Collective Bargaining Agreements is supplied to the Benefit Fund Plaintiffs and Trust Fund Plaintiffs by employers on a self-reporting basis in monthly reports called "Contribution Reports."  *See, e.g.*, *Board of Trs. of the Sheet Metal Workers' Nat'l Pension Fund v. D'Elia*, 17 F. Supp. 2d 511, 517 (E.D. Va. 1998) (benefit fund plaintiffs are entitled to rely exclusively on employee information that contributing employers are required to report); (App. 004 (Poole Decl. ¶ 16).)  The total number of hours reported on the

3

Contribution Report is then multiplied by the applicable contribution rates in the Collective

Bargaining Agreements, resulting in the total amount owed by the employer to the Benefit Fund

Plaintiffs for a given month.  (*Id*. ¶ 15.)

Contributions are due on the tenth day of each month following the actual work month.

(*Id*.)  For example, contributions owed for hours worked in January are due on February 10.  All

information necessary to determine the amount of contributions owed to the Benefit Fund

Plaintiffs and the Trust Fund Plaintiffs by an employer is within the control of the employer.

*Connors v. Trs. of the United Mine Workers*, 935 F.2d 336, 342-43 (D.C. Cir. 1991) (employers

maintain the information necessary to verify the accuracy of monthly reporting to benefit funds);

*D'Elia*, 17 F. Supp. 2d at 517 (under a self-reporting system, the benefit funds rely on employers'

"honesty and integrity").

Defendant VEI Solutions failed to remit to Plaintiffs contributions on behalf of its

employees for the months of October 2021 through and including December 2021 when due.

(App. 005 (Poole Decl. ¶ 19).)

### III.    PLAINTIFFS ARE ENTITLED TO DEFAULT JUDGMENT

Federal Rules of Civil Procedure 55(a) and (b) authorize the Court's entry of default

judgment against a party that fails to plead or otherwise defend.  As noted above, Defendant failed

to appear, answer, plead, or otherwise defend in this matter.  Consequently, Plaintiffs seek an entry

of default judgment against Defendant VEI Solutions on Count One of the Complaint as explained

in further detail below.

#### A.  Count One of the Complaint – Unpaid Amounts Owed to Benefit Fund Plaintiffs

The Benefit Fund Plaintiffs are entitled to enforce the terms of the Local 28 Collective

Bargaining Agreements pursuant to Sections 515 and 502(g) of ERISA, 29 U.S.C. §§ 1145 and

1132 (g). *See Laborers Health & Welfare Trust Fund v. Adv. Lightweight Concrete Co.*, 484 U.S. 539, 546-47 (1988) (explaining the legislative intent when adding Sections 515 and 502(g) to ERISA).  The Benefit Fund Plaintiffs occupy the position of third party beneficiaries.  *See, e.g., Robbins v. Lynch,* 836 F.2d 330, 333 (7th Cir. 1977).  However, unlike most third party beneficiaries, Congress placed the Benefit Fund Plaintiffs in a position superior to the original promisee, analogous to a holder in due course.  *Benson v. Brower's Moving & Storage, Inc.,* 907 F.2d 310, 314 (2nd Cir. 1990).  It is the responsibility of employers, like the Defendant in this case, to timely submit these reports with accurate information.  *D'Elia*, 17 F. Supp. 2d at 517 (under a self-reporting system, the benefit funds rely on employers' "honesty and integrity."); *see Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 342-343 (D.C. Cir. 1991) (employers maintain the information necessary to verify the accuracy of monthly reporting to benefit funds).  The Collective Bargaining Agreements require those reports to be supplied to the Plaintiffs no later than the tenth day of each month.  (App. 004 (Poole Decl. ¶ 15); App. 046 (*id.* Ex. 7 (Collective Bargaining Agreement § 6(E)).)

Defendant VEI Solutions failed to submit Contribution Reports to the Benefit Fund Plaintiffs identifying the amount owed for work performed in the months of October 2021 through and including December 2021.  (App. 005 (Poole Decl. ¶ 19).)

1. Contributions Owed to the Benefit Fund Plaintiffs Pursuant to the Projection Provisions

While the Benefit Fund Plaintiffs depend on payroll information supplied by employers in order to determine the amount owed, the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust specifically provide for addressing the situation where an employer fails to supply Contribution Reports.  These "Projection of Delinquency" provisions permit the Benefit Fund Plaintiffs to calculate the average amount of contributions paid by the employer and assume

that the employer would continue to be obligated to pay that amount into the future. The Trust

Agreements provide as follows:

> Where an Employer is two or more months delinquent in making the contributions required on behalf of his Employees and has not submitted the required documents showing the Employees who worked for him and the hours worked, the Trustees may project as the amount of delinquency the greater of (a) the average of the monthly payments or reports submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

(App. 011-012, 017-018, 023-024, 029 (Poole Decl. Exs. 1-4 (Trust Agreements, Art. VI § 7)).

Employers are bound by all terms of the Benefit Fund Plaintiffs' Trust Agreements by virtue of

specific language in the Collective Bargaining Agreements and Defendant's Adoption Agreement.

(App. 046 (Poole Decl. Ex. 7 (Collective Bargaining Agreement § 6(E)).) There can be no dispute

that the Defendant is two or more months delinquent in making contributions and, from October

2021 onward, failed to submit Contribution Reports as required. (App. 005 (Poole Decl. ¶ 19).)

Pursuant to the estimation provisions contained in the Benefit Funds Plaintiffs Restated

Trust Agreements, the Plaintiffs calculate that Defendant VEI solutions owes unpaid contributions

in the principal sum of $37,244.38 for the months of October 2021 through and including

December 2021. (App. 053 (Declaration of Michael Shockley (hereinafter, "Shockley Decl.") ¶

4).)

The average monthly amount of contributions required by VEI Solutions for the last twelve

months for which payments or reports were submitted is $12,414.79. (App. 059 (Shockley Decl.

Ex. 1).) In order to make this calculation, the Benefit Fund Plaintiffs first took the amount of

contributions required to be paid by the Defendant over the last twelve months for which

remittance reports were received (October 2020 through September 2021): $148,977.53. (App.

062 (Shockley Decl. Ex. 1).) The actual Contribution Reports from Defendant for these months

6

are included in the Appendix materials on pages 064 to 101. This total was divided by twelve to arrive at the monthly projected contribution amount of $12,414.79.  For the period of time for which no remittance reports were received (October 2021 through December 2021 for the instant motion), the Defendant is delinquent for a total of 3 months.   Therefore, the amount of contributions projected to be owed under the Restated Agreements and Declarations of Trust is $37,244.38 (3 months x $12,414.79).  (App. 053-054 (Shockley Decl. ¶ 4).)

Default judgment is proper for unpaid contributions to the Benefit Fund Plaintiffs pursuant to 29 U.S.C. §§ 1132 (g)(2)(A) and 1145.

2.  Liquidated Damages Owed to the Benefit Fund Plaintiffs

The Benefit Fund Plaintiffs are entitled to liquidated damages on any late paid or unpaid contributions pursuant to Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii). (Compl. ¶ 18.)  The liquidated damages assessment is established in Section 502(g)(2)(C)(ii) of ERISA as the amount stated in the plan, but not to exceed twenty percent.   29 U.S.C. § 1132(g)(2)(C)(ii).  The Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust provide that liquidated damages shall be assessed at the rate of twenty percent (20%) of the contributions owed.  (App. 009-010, 015-016, 021-022, 027-028 (Poole Decl. Exs. 1-4 (Trust Agreements, Art. VI, § 6)).)  The Defendant is bound to the terms of these Trust Agreements by virtue of language in the Collective Bargaining Agreement and Adoption Agreement.  (App. 003 (Poole Decl. ¶ 10); App. 045-047 (Poole Decl. Ex. 7 (Collective Bargaining Agreement § 6); App. 034 (Poole Decl. Ex. 6 (Adoption Agreement)).)

The amount of liquidated damages Defendant VEI Solutions owes on unpaid contributions to the Benefit Fund Plaintiffs, calculated as twenty percent of each delinquent payment, totals $7,448.88 for the months of October 2021 through December 2021.  (App. 054 (Shockley Decl. ¶

5).)  These amounts are also identified in the Summary of Damages filed herewith.  (*See also* App. 058 (Shockley Decl. Ex. 1).)

    3.   Interest Owed to the benefit Fund Plaintiffs

The Benefit Fund Plaintiffs also are entitled to prejudgment interest on late payments pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B).  (Compl. ¶ 18.)  Interest "shall be determined by using the rate provided under the plan."  29 U.S.C. § 1132(g)(2).  The amount of interest authorized by the Benefit Fund Plaintiffs' Restated Agreements and Declarations of Trust is eighteen percent (18%) per annum.  (App. 009-010, 015-016, 021-022, 027-028 (Poole Decl. Exs. 1-4 (Trust Agreements, Art. VI, § 6)).)

The amount of interest accrued by Defendant VEI Solutions on late and unpaid contributions for October 2021 through and including December 2021 from the date the contributions were due through January 10, 2023 totals $7,267.25 with interest continuing to accrue until paid.  (App. 054 (Shockley Decl. ¶ 5); App. 061 (Shockley Decl. Ex. 1).)  This amount is also identified in the Summary of Damages.

  **B.  Count Two for Working Assessments/Dues/Other Payments**

This Count seeks working assessments, dues, and other payments due to Plaintiff Trust Funds and Plaintiff Local 28.  Defendant VEI Solutions failed to provide contribution reports to the Plaintiff Trust Funds identifying the amount owed for the months of October 2021 through and including December 2021.  (App. 005 (Poole Decl. ¶ 19).)  VEI Solutions also failed to remit contributions it owed for work performed by its employees for these months.  (*Id*.)  Absent such reports, the amounts owed Plaintiffs Trust Funds and Plaintiff Local 28 are uncertain. Accordingly, Plaintiffs seek to dismiss, without prejudice, Count Two of the Complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

C. **Attorneys' Fees and Costs**

The Collective Bargaining Agreement and Benefit Fund and Trust Fund Plaintiffs' Restated Agreements and Declarations of Trust require that an employer who fails to pay contributions timely pay reasonable attorneys' fees and court costs.  (Compl. ¶ 19); (App. 005 (Poole Decl. ¶ 20).)

Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), authorizes the Benefit Fund Plaintiffs to recover costs and attorneys' fees.  Under Section 502(g)(2) of ERISA, the Defendant is required to pay all of the Benefit Funds' attorneys' fees, regardless of the size of the delinquency. *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 293-295 (3d Cir. 2007) (rejecting proportionality of fees and holding that benefit funds are burdened by employers who needlessly extend litigation for small delinquencies just as they are burdened by employers who extend litigation for large delinquencies); *International Painters & Allied Trades Indus. Pension Fund v. Madison Coating Co., Inc.*, Case No. SAG-17-1559, 2019 WL 5625759, at \*5 (D. Md. Oct. 31, 2019) (recognizing "there is no element of proportionality in ERISA fee claims").

Plaintiffs have attached a declaration from counsel outlining costs and attorneys' fees incurred in this matter.  The Declaration for Attorneys' Fees provides: 1) a detailed description of the work performed by litigation phase and time expended on each task broken down in hourly fractions, 2) Counsel's customary fee for similar work, and 3) a listing of any expenditures for which reimbursement is sought.  Plaintiffs' counsel expended 19.25 hours of attorney time on this matter, at a rate of $270.00 per hour for attorney time. (App. 104-05 (Declaration of Jacob N. Szewczyk (hereinafter, "Szewczyk Decl.") ¶¶ 4, 6).)  Consequently, Plaintiffs' attorneys' fees total $5,197.50. (App. 105 (Szewczyk Decl. ¶ 10); App. 107-08 (Szewczyk Decl. Ex. 1).)  Additionally,

9

Plaintiffs expended $912.00 in court costs for filing and service of process fees. (App. 105 (Szewczyk Decl. ¶ 10); App. 110-13 (Szewczyk Decl. Exs. 2-3).)

Therefore, default judgment is proper for attorneys' fees and court costs pursuant to 29 U.S.C. § 1132(g). These amounts are identified in the Summary of Damages.

## IV.   CONCLUSION

Accordingly, based on the uncontested allegations of the Complaint, the attached Declarations, and the applicable law, the Plaintiffs request that judgment by default be entered against the Defendant VEI Solutions on Count One of the Complaint in the total amount of $58,070.00. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

Dated: January 13, 2023

By: _/s/_____
Jacob Szewczyk, Bar No. 89617
Counsel for Plaintiffs
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
Facsimile No.: (202) 362-2640
jszewczyk@odonoguhuelaw.com

856609

10